## No. 21400.

Buck Realty, Truman B. Buchanan, and Dolores B. Kopel, Trustee in Bankruptcy for Franklin E. Bauserman v. John G. Wilson and Margaret A. Wilson.

(434 P.2d 412)

Decided November 13, 1967.     Rehearing denied December 18, 1967.

STANLEY W. PRISNER, MICHAEL T. VAGGALIS, for plaintiffs in error.

ALDEN T. HILL, RALPH H. COYTE, ALDEN V. HILL, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

TRUMAN B. BUCHANAN conducted a real estate business under the firm name of Buck Realty, and Franklin E. Bauserman was a salesman employed by Buchanan. These plaintiffs in error will be referred to as Buck Realty or by name.

John G. and Margaret A. Wilson were the owners of farm property in Larimer county, Colorado. They listed their property for sale with Buck Realty. On August 11, 1962, the Wilsons entered into a contract with Lucille and Harry W. Thomson of Winner, South Dakota, under which the Thomsons agreed to purchase the farm property above mentioned. Buck Realty negotiated the contract. When the contract was signed Harry W. Thomson signed and delivered a check for $4,000 payable to Buck Realty as "earnest money." However, he asked that the check be held until the 14th of August so that he could return to South Dakota and be certain that sufficient funds were available to cover it. The full purchase price of the property as provided for in the contract was $134,000, of which $34,860 (in addition to the $4,000 check) was to be paid upon delivery of the deed, and the balance then remaining was to be carried by a note secured by a deed of trust.

The contract contained the following pertinent provision:

"Time is the essence hereof, and if any payment or any other condition hereof is not made, tendered, or performed by purchaser as herein provided, then this

contract shall be void and of no effect, and both parties hereto released from all obligations hereunder, and all payments made hereon shall be retained by the undersigned agent as liquidated damages; provided, however, that in the event of such forfeiture any payments made hereunder shall be divided between said agent and seller, one-half thereof to the agent but not to exceed a sum equal to the regular commission and the balance to the seller."

The "earnest money" check was not deposited for collection until September 20, 1962. In the meantime the Thomsons were unable to make the $34,860 payment and Buck Realty (Bauserman) went to South Dakota to assist in obtaining a loan on other property owned by the Thomsons. Negotiations were had concerning a change in the terms of the contract under which only $15,000 would be required instead of the $34,860, and the property would be sold under contract rather than by delivery of deed. This was orally agreed to by the Wilsons but there was no written agreement concerning the change. Notwithstanding the efforts of Buck Realty to consummate the transaction, the Thomsons decided not to go through with the deal. Buck Realty, after depositing the $4,000 check, waited a reasonable time for it to clear and then were informed by the North Denver Bank in which it was deposited that the check had been paid by the bank upon which it was drawn. This information was erroneous. The check was not honored but was in fact returned unpaid. Relying on this misinformation Buck Realty forwarded its check for $2,000 to the Wilsons as that portion of the "earnest money" to which they would be entitled. Before this $2,000 check reached the North Denver Bank the account of Buck Realty had been debited $4,000 due to the non-payment of the check given by the Thomsons, and the $2,000 check was not paid. This suit was then commenced by the Wilsons to enforce payment of the check received by them from Buck Realty under the fore-

going circumstances. The trial court entered judgment in favor of the Wilsons, and Buck Realty is here on writ of error seeking reversal of that judgment.

■ It is argued by counsel for the Wilsons that the judgment should be sustained because Buck Realty was instructed by them to deposit the check on August 14, 1962, which was not done. Buck Realty and the Wilsons knew that there were insufficient funds on deposit to cover the check when it was drawn. There is not the slightest evidence that there was enough money on deposit in the Thomson bank account at any time to cover the $4,000 check. At the end of August 1962, more than two weeks after the execution of the written contract, the parties knew that the check had not been paid, and the Wilsons orally agreed to substantial changes in the written agreement. The written agreement faltered from the outset. Assuming, arguendo, that Buck Realty had a duty to deposit the $4,000 check sooner than it did (which is in sharp dispute under the evidence) there is nothing in the evidence to indicate that it would have been honored by an earlier presentation for payment, and that burden of proof was upon the Wilsons.

■ No money was received at any time by Buck Realty for which they were obligated to account to the Wilsons. The check issued by Buck Realty for the sum of $2,000 payable to the Wilsons was issued under the mistaken belief that the $4,000 check had been paid in South Dakota.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE DAY, MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY concur.